IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ben Locke, individually and on behalf all others similarly situated,<br>　　　　　　　　Plaintiff,<br>　v.<br>The City of Cortland,<br>　　　　　　　　Defendant. | COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded<br><br>5:16-cv-117 (TJM/ATB) |

Plaintiff Ben Locke individually and on behalf of all others similarly situated, by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. Ben Locke works for the City of Cortland ("the City") as a police officer.

2. Officer Locke regularly works in excess of 40 hours in a week for which the City pays him overtime that is less than required by the Fair Labor Standards Act ("FLSA").

3. Throughout the relevant period, it has been the City's practice and policy pay an overtime rate less that is less than the FLSA requires to all its police officers.

4. This case seeks to compel the City to pay Officer Locke and a class of similarly situated employees their back overtime wages based on the overtime rate required by the FLSA.

5. By the conduct described in this, the City has violated the Fair Labor Standards Act ("FLSA") through its policies and practices.

6. Officer Locke brings his claims individually and as a FLSA collective

action, on his own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b).

## THE PARTIES

### *The Plaintiff*

7. Officer Locke's written consent to sue in this action is attached hereto.

8. Officer Locke resides in Cortland, New York.

9. Office Locke is currently employed by the City in Cortland, NY as a police officer.

10. Officer Locke regularly works more than 40 hours per week for the City's benefit.

11. While the City pays Officer Locke wages at an overtime rate for hours he works more than 40 in a week, the overtime rate the City uses is less than the FLSA requires.

### *The Defendant*

12. The City of Cortland is a government agency covered by the FLSA under Section 203(s)(1)(c) as a "Public Agency" defined in Section 203(s)(x).

13. The City's offices are located at 25 Court Street, Cortland, NY 13045.

14. The City maintains control, oversight, and direction over Officer Locke's work, including the payroll and other employment practices therein.

15. Officer Locke performed work on behalf of the City in Cortland, New York.

16. The City functioned as Officer Locke's "employer" as that term is used in

all relevant laws.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. In addition, the Court has jurisdiction over Officer Locke's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

18. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

19. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City resides in and a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of New York.

## COLLECTIVE ACTION ALLEGATIONS

20. Officer Locke brings FLSA claims on behalf of himself and all similarly situated persons, i.e., all people who have worked for the City as police officers during a period of three years prior to the filing of this complaint and the date of final judgment in this matter ("class members").

21. All of the work that Officer Locke and class members have performed has been assigned by the City.

22. The City regularly scheduled Officer Locke and class members to work more than 40 hours in a week and they regularly worked more than 40 hours in a week. The City keeps records of the hours that they work.

23. As part of its regular practice, the City intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA by failing

to include parts of Officer Locke's and class members' compensation in the calculation of their overtime rate. The compensation that the City failed to include in the calculation of the overtime rate includes officer-in-charge compensation, shift differentials, longevity pay, and deadly force qualifications allowance.

24. As a result of the City's practice and/or policy, the City paid Officer Locke and class members an overtime rate less than that required by the FLSA for the overtime hours that they worked.

25. The City applied the same overtime rate calculation to Officer Locke and all class members' overtime pay.

26. Upon information and belief, the City was or should have been aware that federal law required it to include all of Officer Locke's and class members' compensation in its calculation of their overtime rate.

27. The City's failure to pay Officer Locke and the class members the overtime wages required by the FLSA was willful.

28. Upon information and belief, there are many similarly situated current and former employees of the City who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

29. Those similarly situated employees are known to the City, are readily identifiable, and can be located through the City's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

**CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**
**On behalf of Plaintiff and the FLSA Collective**

30. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

31. The City engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

32. The City is a government agency covered by the FLSA under Section 203(s)(1)(c) as a Public Agency.

33. The overtime wage provisions set forth in the FLSA apply to the City and protect Officer Locke and the class members.

34. At all times relevant, Officer Locke and the class members were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

35. The City employed Officer Locke and the class members as an employer.

36. The City failed to pay Officer Locke and the class members the overtime wages to which they are entitled under the FLSA.

37. The City's violations of the FLSA, as described in this Complaint, have been willful and intentional.

38. The City did not make a good faith effort to comply with the FLSA with respect to its compensation of Officer Locke and the class members.

39. Because the City's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

40. As a result of the City's violations of the FLSA, Officer Locke and the class members have suffered damages by being denied overtime wages in accordance

with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Officer Locke, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Officer Locke be allowed to give notice of this collective action and that the City provide his counsel with names, addresses, telephone numbers, and other contact information, or that the Court issue such notice, to all persons who work for the City as police officers presently, or have at any time during the three years immediately preceding the filing of this suit. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages; and

B. Unpaid wages;

C. An additional 100% as liquidated damages under the FLSA;

D. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

E. Pre-Judgment and Post-Judgment interest, as provided by law;

F. Such other injunctive and equitable relief as the Court may deem just and proper; and

G. Attorneys' fees and costs, including expert fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:  New Paltz, New York
        February 1, 2016

Respectfully submitted,

*/s/ Michael J.D. Sweeney*

Michael J.D. Sweeney

**GETMAN & SWEENEY, PLLC**
Michael J.D. Sweeney (MS 7959)
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370
Email: msweeney@getmansweeney.com

**Attorneys for Plaintiff**