U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
DEC - 2 2016
AT_____ O'CLOCK_____
Lawrence K. Baerman, Binghamton

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

BEN LOCKE, INDIVIDUALLY AND
ON BEHALF ALL OTHERS
SIMILARLY SITUATED,
                Plaintiff,

5:16-CV-117 (TJM/ATB)

STIPULATION

v.

CITY OF CORTLAND,
                Defendant.

---

The undersigned attorneys for Plaintiff Locke and the 25 Opt-In Plaintiffs (collectively, the "Plaintiffs") and Defendant City of Cortland ("Defendant") agreed to this stipulation of discontinuance pending resolution of the amount of attorneys' fees and costs Defendant shall pay under the fee-shifting provision of the Fair Labor Standards Act, 29 U.S.C. § 216(b). No party hereto is an infant or incompetent.

      **Whereas,** the Defendant, The City of Cortland, is a Municipal Corporation of the State of New York with its principal place of business located at 25 Court Street, Cortland, New York (herein referred to as "City");

      **Whereas,** the Plaintiff, Ben Locke is a Police Officer with the City of Cortland and represents other police officers in this action; (hereinafter referred to as "Police");

      **Whereas,** the Police commenced an action against the City alleging that the City inaccurately credited overtime, by excluding firearm stipends and longevity payments; and

      **Whereas,** the parties have reached an agreement to settle and resolve this matter.

      Now, therefore it is stipulated and agreed:

1. Beginning on or before September 30, 2016, the City will include longevity pay and deadly force training pay in Police Officers' overtime pay using the following formula:

   - dividing each Police Officer's annual Longevity and Deadly Force pay by 2080 hours to obtain the hourly rate increase for Longevity and Deadly Force pay;
   - then dividing the hourly rate increase by 2 to obtain the Plaintiff's overtime rate increase for Longevity and Deadly Force pay; and
   - then multiplying the overtime rate increase by the number of overtime hours the Plaintiff worked.

2. The City will compensate eligible Police with retroactive application of the above formula from January 1, 2016 to the first pay period in which the City begins to apply the formula to Police Officers' pay;

3. Upon the execution of the stipulation the City shall henceforth use the formula described above to calculate eligible Police overtime pay, including Command Staff.

4. The City agrees to add the following language to the Collective Bargaining Agreement, Article III, Section 3: "An employee's overtime rate shall be one and one-half (1 1/2) times his/her hourly rate of pay, including longevity pay and all other stipends due under this Agreement, including Officer in Charge Compensation, Use of Deadly Force Qualifications Allowance, Shift Differential, as required by the Fair Labor Standards Act."

5. The City acknowledges that the back wages described above are due Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

6. The Parties agree to attempt to settle the Plaintiffs' attorneys' fees and costs due under 29 U.S.C. § 216(b). If the Parties are unable to negotiate a settlement, Plaintiffs will move the Court for an award of fees and costs pursuant to 29 U.S.C. §216(b).

7. Subsequent to resolution of Plaintiffs' attorneys' fees and costs and payment of the back wages described above, Plaintiffs will dismiss the action pending in the U.S. District Court for the Northern District of New York entitled *Locke v. City of Cortland*, No. 5:16-cv-117 with prejudice.

Dated: November 4, 2016

By: _____
Michael J.D. Sweeney
Attorney for Plaintiffs

Dated: November 8, 2016

By: _____
Richard C. Van Donsel
Attorney for Defendant

SO ORDERED

December
~~November~~ 2, 2016

_____
U.S. District Judge Thomas J. McAvoy