IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**Ben Locke, individually and on behalf all others similarly situated,**
                      **Plaintiff,**

v.                                   5:16-cv-117 (TJM/ATB)

**The City of Cortland,**
                      **Defendant.**

## PROPOSED ORDER ON PLAINTIFFS' COUNSEL'S FEES AND COSTS AWARDED PURSUANT TO 29 U.S.C. §216(b)

Ben Locke, a Police Officer employed by the City of Cortland, brought claims on behalf of himself and similarly situated people against the City for failing to pay him overtime as required by the federal Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. Doc. 1. He alleged that the City did not include Officer-in-Charge Compensation, Night Shift Differential, Longevity Pay, and Use of Deadly Force Qualifications Allowance ("Firearm Pay") in the overtime rate calculation, resulting in his receiving a lower overtime rate than that required by law. *Id*. Ultimately, twenty-five Police Officers joined the collective action.

The Parties eventually settled the claims. As a result of the settlement, Defendant City of Cortland (the "City") agreed to pay the Plaintiffs back overtime wages and to calculate overtime wages in the future to include the

additional payments. As part of the settlement, the City admitted liability and agreed to try to settle the amount it owed the Plaintiffs' for attorneys' fees and costs they incurred in bringing the action pursuant to the FLSA's fee-shifting provision, 29 U.S.C. §216(b). Doc. 26. The parties were unable to settle the amount of fees and costs. Pursuant to the settlement agreement, Plaintiffs have presented their fees and costs to the Court for an award pursuant to 29 U.S.C. §216(b). As the City conceded a judgment of FLSA liability, the FLSA provides for an award of reasonable fees and costs. 29 U.S.C.A. § 216 (West)

Courts in this District rely on the lodestar calculation to determine a reasonable fee. *JWJ Indus., Inc. v. Oswego Cty.*, No. 5:09-CV-740, 2013 WL 791603, at *1–2 (N.D.N.Y. Mar. 4, 2013). The lodestar calculation requires the Court to determine the reasonable hourly rate for attorneys and paralegals and the reasonable number of hours spent prosecuting the case. The lodestar, or the presumptively reasonable fee award, is the product of the rates the Court finds reasonable multiplied by the hours reasonably expended. *Id*. In determining the reasonable fee, the Court should "bear in mind all of the case-specific variables ... relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 117 (2d

2

Cir.2007).

The hourly rates Plaintiffs' Counsel seeks are reasonable. Michael Sweeney, the lead lawyer in the case, is a partner in Getman, Sweeney & Dunn, PLLC (GSD) with over 20 years of experience, including more than a dozen years prosecuting complex wage-and-hour cases. Declaration of Michael J.D. Sweeney ("Sweeney Decl.") at ¶14. He and his firm have been recognized nationally for their work in wage-and-hour litigation. See, e.g., *Bredbenner v. Liberty Travel, Inc.*, No. CIV.A. 09-1248 MF, 2011 WL 1344745, at *20 (D.N.J. Apr. 8, 2011) ("Based on the Court's experience in supervising this litigation, [GSD] has demonstrated the utmost skill and professionalism in effectively managing these consolidated actions and bringing them to a successful conclusion. Defendants counsel are also savvy, experienced defense attorneys in wage-and-hour cases . . . and the ability to achieve a favorable result in a case involving such formidable defense counsel is a clear indication of the skill with which class counsel handled these cases"); *Banales v. Autoclaims Direct, Inc.*, 3:11 Civ. 02914, Doc. 63, p. 4 (S.D. CA, Dec. 20, 2012) ("Plaintiffs' counsel have significant experience in wage-and-hour litigation"); *Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 119 (E.D. N.Y. 2011) (finding Getman & Sweeney to have "stellar" qualifications as class counsel in wage-and-hour class litigation);

*Lewis v. Alert Ambulette Serv. Corp.*, 11 Civ. 442, 2012 WL 170049, *15 (E.D. N.Y. Jan. 19, 2012) ("[Getman & Sweeney] has brought to bear its considerable experience in handling class actions, and other complex litigation, particularly claims of the type asserted in the present action"); *Brumley v. Camin Cargo Control, Inc.*, CIV.A. 08-1798 JLL, 2012 WL 1019337 (D.N.J. Mar. 26, 2012) ("Both this Court and other district courts around the country have recognized Plaintiffs' counsel's experience and skill in prosecuting wage-and-hour class litigation."). Matt Dunn is also a partner in the Firm and has extensive experience litigating complex wage and hour matters. Sweeney Decl. at ¶ 29. In August 2016, Michael Sweeney's hourly billing rate was $505 per hour, Matt Dunn's hourly billing rate was $350 per hour. IT Specialists billing rate was $220 per hour; hour, GSD paralegal rate was $170 per hour, and Clerical work rates was $85 per hour. *Id.* at ¶ 29. Courts around the country have approved GSD's billing rates. See, e.g., *Murphy, et al, v. Northern Dutchess Paramedics*, 7:11-cv-05661-LMS, Doc. 101 (S.D.N.Y. Aug. 15, 2014) ("District Courts throughout the country, including in this District, have regularly approved Class Counsel's customary rates.")  And these are the rates that the Named Plaintiff agreed to in his retainer agreement. *Id*. at ¶ 34.[1]

---

[1] Mr. Dunn's rates were not set out in the retainer agreement because he was

4

Despite the GSD rates approved elsewhere and specified in the retainer agreement, Plaintiffs' counsel seeks reduced hourly rate in this case that reflect the prevailing local rates. In particular, Plaintiffs' counsel seeks hourly rates of $300 for Mr. Sweeney, $275 for Mr. Dunn, $140 for Sr. IT Specialists Russo, $115 for IT Specialist Kandell, $95 for paralegal work, and $50 for clerical work with any travel time billed at half the regular hourly rate.

The Court finds that these rates are reasonable in this jurisdiction for counsel of their experience. *JWJ Indus., Inc. v. Oswego Cty.*, No. 5:09-CV-740, 2013 WL 791603, at *2 (N.D.N.Y. Mar. 4, 2013) (awarding in-district hourly rate for experienced counsel of $275 per hour and $95 per hour for paralegals in 2013); *Jimico Enterprises, Inc. v. Lehigh Gas Corp.*, No. 1:07-CV-0578 GTS/DRH, 2011 WL 4594141, at *10 (N.D.N.Y. Sept. 30, 2011), aff'd, 708 F.3d 106 (2d Cir. 2013) (noting that cases in Northern District cases have upheld an hourly rate for a partner of $345); *Price v. N.Y. State Bd. of Elections*, No. 1:06-CV-1083GLS/RFT, 2009 WL 4730698, at *3 (N.D.N.Y. Dec. 4, 2009) (same). See also, *Siegel v. Bloomberg L.P.*, No. 13CV1351 (DF), 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016) (recognizing higher rates are applicable to technology specialists and

---

not a partner at the time.

5

awarding Russo $220 per hour); *Moon v. Gab Kwon*, No. 99 CIV. 11810 (GEL), 2002 WL 31512816, at *6 (S.D.N.Y. Nov. 8, 2002) (including clerical hours in fee award).

Plaintiffs' counsel seeks reimbursement for 65.5 hours of lawyer work 18.8 hours of IT Specialist work, 35.8 hours of paralegal work, and 13 hours of clerical work. The work included conducting the initial investigation, drafting pleadings and other filings, conducting hearings, managing joinder of 24 opt-in Plaintiffs, conducting ongoing communications with Plaintiffs, determining the effect of a U.S. Department of Labor investigation and settlement on class claims, legal research and analysis on unresolved issues of law, data analysis of the City's payroll records, various attempts to settle the matter including engaging in the District's Mandatory Mediation Program, drafting settlement documents, finalizing the eventual settlement, and attempting to enforce the settlement, including seeking the Court's intervention. *Id.* at 36.

The Court finds the time that Plaintiffs' counsel spent prosecuting this case is reasonable. The case involved a FLSA collective action involving the claims of 25 Police Officers. The claims raised legal issues in an unresolved area of law and involved an ambiguous U.S. Department of Labor settlement. Counsel has submitted detailed billing records and has reviewed

6

the records and exercised discretion in deleting attorney and paralegal time. Moreover, the record reveals that Plaintiffs' counsel made every effort to avoid incurring fees and costs by seeking settlement of the claims early, seeking to avoid work through an agreed upon stipulation of facts, and seeking to resolve issues without involving the Court or unnecessary motion work. The City was uncooperative in these efforts to avoid fees. While the City has every right to defend the case as it sees fit, the FLSA is clear that it is responsible for the resulting attorneys' fees that Plaintiffs incur. 29 US.C. §216(b).

Plaintiffs' counsel also seeks $782.38 in costs incurred in prosecuting the action. Counsel has provided records and/or receipts for each of the costs, Sweeney Decl, Ex. H, and each is of the type allowed to be recovered under the FLSA. Accordingly, the Court finds the City is required to reimburse Plaintiffs' Counsel for the costs.

For the foregoing reasons, Plaintiffs' motion for attorneys' fees and costs is granted. Plaintiffs are entitled to $24,813 in fees and $782.38 in costs from the City.

IT IS SO ORDERED

_____
Hon. Thomas J. McAvoy
U.S. District Judge

February \_\_, 2017

Respectfully Submitted on February 24, 2017,

*/s/ Michael J.D. Sweeney*

Michael J.D. Sweeney (MS 7959)
Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, NY  12561
Tel (845) 255-9370
Fax (845) 255-8749
[msweeney@getmansweeney.com](mailto:msweeney@getmansweeney.com)

Attorneys for Plaintiffs