UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BEN LOCKE, individually and on behalf all
others similarly situated,

                    **Plaintiff,**

    v.                                               5:16-cv-117 (TJM/ATB)

**THE CITY OF CORTLAND,**

                    **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

# DECISION & ORDER

**I.    INTRODUCTION**

After settling the Fair Labor Standards Act claims in this matter, Dkt. # 26, and being unable to agree upon attorney's fees for Locke and the Opt-In Plaintiffs (collectively "Plaintiffs"), Plaintiffs brought the instant motion. Dkt. # 28. The Court has considered the parties' papers addressed to this motion and makes the following award.

**II.    BACKGROUND**

Ben Locke, a Police Officer employed by the City of Cortland ("the City"), brought claims on behalf of himself and similarly situated people against the City for failing to pay him overtime as required by the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. Dkt. # 1. He alleged that the City did not include Officer-in-Charge Compensation, Night Shift Differential, Longevity Pay, and Use of Deadly Force Qualifications Allowance ("Firearm

1

Pay") in the overtime rate calculation, resulting in him receiving a lower overtime rate than required by law. Id. Ultimately, twenty-five Police Officers joined the collective action. The Parties eventually settled the claims. See Settlement Stipulation, Dkt. # 26. As a result of the settlement, the City agreed to pay the Plaintiffs' back overtime wages for Longevity Pay and Firearm Pay, and to calculate overtime wages in the future to include these additional payments. Id. As part of the settlement, the City admitted liability and agreed to try to settle the amount it owed the Plaintiffs for attorneys' fees and costs they incurred in bringing the action pursuant to the FLSA's fee-shifting provision, 29 U.S.C. §216(b). See Id. The parties report that they were unable to settle the amount of fees and costs. Plaintiffs have presented their fees and costs to the Court, seeking an award pursuant to 29 U.S.C. §216(b).

### III. DISCUSSION

#### a. FLSA Attorney Fees and Costs

The FLSA provides for an award of reasonable fees and costs to prevailing plaintiffs. See 29 U.S.C. § 216(b). There is no dispute that Plaintiffs are prevailing parties.

#### b. Lodestar

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This calculation, known as the "lodestar" method, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id.; see Porzig v. Dresdner, Kleinwort, Benson, N. Am.

2

LLC, 497 F.3d 133, 141 (2d Cir. 2007)(The presumptively reasonable fee test requires courts to "determin[e] the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multipl[y] the two figures together to obtain a presumptively reasonable fee award.") (citations omitted).

### 1. Reasonable Hourly Rates

In considering the reasonableness of the hourly rate requested by the prevailing party, the Court is presumed to "use [] the hourly rates employed by the district in which the reviewing court sits." Arbor Hill Concerned Citizens, 493 F.3d at 120 (citing In re Agent Orange Products Liability Litigation, 818 F.2d 226, 232 (2d Cir. 1987)).

> The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively. This Circuit's "forum rule" generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee. Fees should not be awarded at higher out-of-district rates unless a reasonable client would have selected out-of-district counsel because doing so would likely produce a substantially better net result.

Bergerson v. New York State Office of Mental Health, 652 F.3d 277, 289-90 (2d Cir. 2011)(internal citations and quotation marks omitted).

### A. Attorneys

"Recent cases in the Northern District have upheld hourly rates between $250 and $345 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals." Berkshire Bank v. Tedeschi, 2015 WL 235848, at *3 (N.D.N.Y. Jan. 16, 2015). Despite these spans, "[c]ourts in this District consistently deem $300 to be a reasonable hourly rate for an experienced partner." Seidenfuss v. Diversified Adjustment Servs., Inc., 2016 WL 1047383, at *2 (N.D.N.Y. Mar. 15, 2016)(finding $300 per hour to be

3

a reasonable hourly rate for an attorney who "has forty-two years of legal experience, along with more than twenty-five years representing clients in [similar matters.]")(citing Jimico Enters., Inc. v. Lehigh Gas Corp., 2014 U.S. Dist. LEXIS 38930, at *6, 2014 WL 1239030 (N.D.N.Y. Mar. 25, 2014). Moreover, Northern District courts have found $210 to $275 an hour to be a reasonable rate for less experienced partners, see Curves Int'l, Inc. v. Nash, 2013 U.S. Dist. LEXIS 104095, at *5, 2013 WL 3872832 (N.D.N.Y. July 25, 2013)(finding $275 per hour for a partner reasonable); Tedeschi, 2015 U.S. Dist. LEXIS 5349, at *3 (finding $250 for a partner to be a reasonable hourly rate); Dotson v. City of Syracuse, 2011 WL 817499, at *28 (N.D.N.Y. March 3, 2011)(awarding $210 an hour in employment discrimination case, citing several cases for the same proposition), and $180 - $200 an hour to be reasonable for associate level work. See Nash, 2013 U.S. Dist. LEXIS 104095, at *5 (finding $200 per hour for an associate reasonable); Jimico Enters., Inc., 2014 U.S. Dist. LEXIS 38930, at *6 (awarding $180 "for associate level work"); Deferio v. Bd. of Tr. of State Univ. of N.Y., 2014 U.S. Dist. LEXIS 9417, at *7 (N.D.N.Y. Jan. 27, 2014)(finding that $200 per hour was a reasonable rate for an attorney with five years of experience); see also Broad. Music, Inc. v. DFK Entm't, LLC, 2012 U.S. Dist. LEXIS 35089, at *7 (N.D.N.Y. Mar. 15, 2012)(finding that $270 for partners and $165 for associates were reasonable hourly rates); Buckley v. Slocum Dickson Med. Grp., PLLC, 111 F. Supp. 3d 218, 225 (N.D.N.Y. 2015) (finding that $225 was a reasonable hourly rate for an experienced attorney). Attorney travel time is usually compensated at a rate of one half the hourly legal fee rate. Dotson, 2011 WL 817499, at *28.

 The fee application seeks fees for the work of two partners of Getman, Sweeney & Dunn, PLLC (GSD) - Michael J. D. Sweeney, Esq., the lead lawyer in the case, and Matt

4

Dunn, Esq. Mr. Sweeney has over 20 years of experience, including more than a dozen years prosecuting complex wage-and-hour cases. See Declaration of Michael J.D. Sweeney ("Sweeney Decl.") at ¶14. Although he indicates that his regular hourly billing rate is $505 per hour, id., ¶ 34, he seeks an hourly billing rate of $300 per hour in this case. In light of his wealth of experience and the prevailing rates in this District, the Court finds the requested hourly rate to be reasonable. His travel time will be compensated at the rate of $150 per hour.

Mr. Dunn has been with GSD since 2007 and became a partner in 2016. Id. ¶ 23. His regular hourly billing rate is currently $350 per hour, but Plaintiffs request that he be compensated in this matter at the rate of $275 an hour. Mr. Dunn has experience working on a variety of class and collective action cases, see id.¶ 29, but the 5.1 hours for which he provided legal services in this matter occurred in 2015 - which is before he became a partner. Thus, the Court finds that the reasonable hourly rate for Mr. Dunn is $200 per hour.

### B. Paralegals

Plaintiffs seek an award for the payment of the services by their paralegal employees at the rate of $95 per hour. At indicated above, the prevailing rate in this District is between $80 and $90. See Berkshire Bank v. Tedeschi, 2015 WL 235848, at *3. The Court finds that $80 an hour is reasonable rate. See Stevens v. Rite Aid Corp., No. 6:13-CV-783, 2016 WL 6652774, at *4 (N.D.N.Y. July 6, 2016)(finding a rate of $80 an hour reasonable for paralegal staff).

5

### C. Technology Specialists

Plaintiffs seek an award for the payment of the services by their technology specialists, Michael Russo and Jason Kandel. Plaintiffs seek to be compensated for the services of Mr. Russo at the rate of $140 per hour, and the services of Mr. Kandel at the rate of $115 per hour.

Mr. Russo is a programmer and database administrator who has been trained in Networking, Database Administration, and Windows Enterprise operating systems, and who has operated, created, and consulted on networking and database issues for numerous organizations since 2002. Sweeney Decl. ¶ 31.  He "assists [GSD] with programming, database, and financial analyses. He focuses on discovery of corporate electronically stored information, and complex programs for calculating lost wages and damages due." Id.  "Courts have recognized that the services of staff performing specialized functions, such as technology specialists, are compensable at a higher rate than that typically commanded by paralegals." Siegel v. Bloomberg L.P., No. 13CV1351 (DF), 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016)(citing Torres v. Gristede's Operating Corp., No. 04cv3316 (PAC), 2012 WL 3878144, at *4 (S.D.N.Y. Aug. 6, 2012) (finding that reasonable rate for technical support staff was $150, as compared to $125 for paralegals), aff'd, 519 F. App'x 1 (2d Cir. 2013)).  In 2012, the Southern District awarded Getman & Sweeney, PLLC, the predecessor to GSD, fees at the rate of $135 per hour for paralegals and $195 per hour for technology specialist Michael Russo, see Smith v. Nagai, No. 10 CIV. 8237 PAE JCF, 2012 WL 2421740, at *6 (S.D.N.Y. May 15, 2012), report and recommendation adopted sub nom. Smith v. Saki Rest. Corp., No. 10 CIV. 8237 PAE JCF, 2012 WL 2428929 (S.D.N.Y. June 27, 2012), and in 2016, awarded

fees at the rate of $125 and hour for paralegals and $220 per hour for Mr. Russo "in light of his substantial experience and specialized knowledge." Siegel, 2016 WL 1211849, at *7. Although the Court is not aware of any cases directly on point from the Northern District of New York, the Court finds that, because of Mr. Russo's substantial experience and specialized knowledge, $140 an hour is reasonable for his services.

Mr. Kandel, a trained experimental chemist and computer scientist, joined GSD in 2015. He previously worked "as a computer scientist focused on the creation of software that is used to dynamically monitor, analyze, and catalog stock market trends." Sweeney Decl. ¶ 31. Mr. Kandel assists GSD "by designing scripts, algorithms, and methodology that are utilized for forensic analysis, damage calculations, and requisition of data." Id. In light of Mr. Kandel's specialized knowledge, but substantially less experience than Mr. Russo, the Court finds that $100 an hour is reasonable.

### D. Clerical Services

Plaintiffs also seek an award compensating them at the rate of $50 an hour for clerical services. Clerical services are generally not charged to clients, but rather "are normally subsumed into an attorney's overhead expenses and not generally considered recoverable." LV v. N.Y. City Dep't of Educ., 700 F. Supp. 2d 510, 523 (S.D.N.Y. 2010)(interior quotation marks and citation omitted); see Standish v. Fed. Express Corp. Long Term Disability Plan, No. 6:15-CV-6226(MAT), 2017 WL 874689, at *3 (W.D.N.Y. Mar. 6, 2017)("The paralegal's time spent filing documents (0.5 hour) will be subtracted, as this represents clerical services which are 'generally not charged to clients.'")(quoting LV, 700 F. Supp. 2d at 523 and citing Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp.2d 381, 390–91 (S.D.N.Y. 2000) ("[T]ime spent serving and filing papers ... is not usually

7

considered recoverable.")). The clerical services represented in Plaintiff's exhibit F are not compensable in this matter, and, therefore, the award will not include compensation for these services.

### 2.     Reasonable Hours

The fee applicant also bears the burden of documenting the hours spent by counsel and other staff, and the reasonableness thereof. ACE Ltd. v. CIGNA Corp., 2001 WL 1286247, at *2 (S.D.N.Y. Oct 22, 2001). Plaintiffs have presented itemize billing entries for each of the attorneys and staff. See Pl. Ex. F & G. The City responds by arguing that the case "involved the simple matter of determining whether or not Plaintiffs were entitled to additional compensation, and if so, in what amount." Def. Opp. p. 1. The City further argues that the matter was settled for the nominal amount of approximately $6,000.00. Id. The City assert that "nothing about the case . . . would require the number of hours Plaintiff's Counsel claims was spent on this case." Id.

Plaintiffs reply by indicating that they sued the City for failing to include Longevity, Officer-in-Charge, Firearms Pay, and Shift Differentials in their overtime pay. See Dkt. #1. They assert that as a result of the litigation, the City paid back wages for the violations Plaintiffs alleged and agreed to change their practices going forward to ensure that Plaintiffs and others received overtime wages that include Longevity Pay, Officer-in-Charge Pay, Firearms Pay, and Shift Differentials. Pl. Reply, p. 1.[1] They further

---

[1]Although Plaintiffs acknowledge that the U.S. Department of Labor ("DOL") had been investigating the City with respect to these claims since April 2014, they note that at the time Plaintiffs filed their complaint, the City had not entered into a settlement with the DOL. Plaintiffs contend that they were forced to sue for the back pay because the FLSA's statute of limitations continues to run during DOL investigations and negotiations. Pl. Reply, p. 1, fn. 1 (citing Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014)). Thus, Plaintiffs contend that they commenced the suit to avoid losing claims to the FLSA's statute of limitations if the City did not settle with DOL. Id. Plaintiffs also assert that the City only settled the DOL

contend that the City "eventually paid $39,600.14 in back wages for these violations. The back wages were comprised of $31,857.45 for the period from January 1, 2013 to December 31, 2014 and $7,742.69 for the period from January 1, 2016 to October 10, 2016." Id. p. 2 (citation to the record omitted).  Plaintiffs further maintain that the litigation successfully forced the City to include Longevity pay, Officer-in-Charge pay, Firearms pay, and Shift Differentials in Plaintiffs' overtime pay going forward, an important goal of the litigation. Id.

In light of the City's changes in its overtime pay calculations some of which were directly the result of this litigation, see Dkt. # 24, and some of which were arguably an indirect result of this litigation, see fn. 1, supra, the Court does not find that Plaintiffs' success was nominal.  Further, the Second Circuit has held that "[e]specially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery." Millea v. Metro-N. R. Co., 658 F.3d 154, 169 (2d Cir. 2011)(emphasis in original).  Thus, even assuming that Plaintiffs' litigation resulted in only a $6,000 recovery and the other amounts were the results of the DOL's litigation, the City's argument is unsupported by the case law.  See id. ("[T]he district court abused its discretion when it ignored the lodestar and calculated the attorneys' fees as a proportion of the damages awarded.").

---

investigation after Plaintiffs brought suit. Id.

9

Further, the City does not direct the Court to any particular expenditure of time it deems excessive, and the Court finds none.

### 3. Lodestar Calculations

The Court makes the following lodestar calculations:

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Michael Sweeney | 53.9 | $300 | $16,170.00 |
| Michael Sweeney Travel | 6.5 | $150 | $ 975.00 |
| Matt Dunn | 5.1 | $200 | $ 1,020.00 |
| Mike Russo | 2.1 | $140 | $ 294.00 |
| Jason Kandel | 16.7 | $100 | $ 1,670.00 |
| Paralegals | 35.8 | $80 | $ 2,864.00 |
| Total | | | $22,993.00 |

### 4. Lodestar Adjustment

The City has failed to present a reasonable basis to adjust the lodestar calculations. City of Burlington v. Dague, 505 U.S. 557, 561 (1992)(adjustments may be made to the lodestar figure provided the party seeking such an adjustment meets its burden of establishing the reasonableness of the adjustment.)

### c. Costs

Plaintiffs' counsel also seeks $782.38 in costs incurred in prosecuting the action. Counsel has provided records and/or receipts for each of the costs, Sweeney Decl, Ex. H, and each is of the type allowed to be recovered under the FLSA. Accordingly, the Court

finds the City is required to reimburse Plaintiffs' Counsel for these costs.

### IV.	CONCLUSION

For the reasons discussed above, Plaintiffs' motion for attorneys' fees and costs [Dkt. # 28] is **GRANTED**. The Court awards Plaintiffs attorney and staffs' fees in the amount of $22,993.00, and costs in the amount of $782.38, both to be paid by the City of Cortland.

**IT IS SO ORDERED.**

Dated: September 12, 2017

_____
Thomas J. McAvoy
Senior, U.S. District Judge